*J. A. Matson*, for the appellant.

--------•••+•--------

CONKLIN *v.* BOWMAN.

Complaint to foreclose a mortgage. The mortgage was executed to secure the payment of two promissory notes, given in part consideration for two tracts of land. Less than 3,000 dollars was due upon the notes. Answer, that as to one of the tracts, the grantors had not, at the date of the deed, nor have they ever had, any title, and that therefore the consideration, as to that tract (which was alleged by a sort of *videlicet* to be of the value of 3,000 dollars), had failed, &c. *Held*, on demurrer, that the answer was sufficient.

APPEAL from the *Wayne* Circuit Court.

STUART, J.—Complaint to foreclose a mortgage. *Conklin* answered, setting up a want of consideration. Demur-

May Term,
1856.

Conklin
v.
Bowman.

rer to the answer sustained. Decree for complainant for 1,925 dollars, deducting a credit of 600 dollars. *Conklin* appeals.

The notes were given in part consideration of two fractional tracts of land, and the mortgage executed to secure them. The answer sets up that at the date of the deeds, *Benjamin Bowman* and wife had not, nor have they ever had, any title to one of the fractional tracts of land, and hence that the consideration, as to that part alleged under a species of *videlicet* to be of the value of 3,000 dollars, has failed, &c. Demurrer to this answer sustained by the Court, decree, &c.

The amended answer goes only to a credit of 600 dollars, and as the demurrer was refiled, the state of the pleadings is not changed.

We are of opinion that the ruling of the Court, in sustaining the demurrer, was erroneous. The answer may be informal, and a legal conclusion may be deduced by the pleader which does not legitimately flow from the facts stated. But there is a fact stated, which, aside from the erroneous conclusion, should have availed the defendant, at least to the value of that fractional tract to which the grantor, *Benjamin Bowman*, had no title. If that fractional tract was really the chief consideration for the purchase, it might be that it was in fact more valuable than the residue of all that remained due on both tracts. It was, therefore, well pleaded as a defence to the whole action. The demurrer admitted the facts alleged, viz., that these tracts constituted the consideration for the notes; that *Bowman* had no title to one of these tracts; that the tract to which the title had failed was of the value of 3,000 dollars, being a large amount over what was due on the notes. These facts admitted on the record, the defendant was entitled to judgment. If it was a sham defence, the plaintiff should have taken the proper steps to show that fact to the Court, or which would have been the shorter process, taken issue and gone to trial. Having seen proper to admit the facts on the record, we

think that though informally alleged, they constituted a good bar to the action.

There is some confusion of names and interests of parties, which the record does not fully explain. *Benjamin Bowman* and wife execute the deed to *Conklin; Benjamin Conklin* and wife, to secure the payment of the purchase-money, execute the notes in suit, and a mortgage on the land purchased, to *David Bowman*, the plaintiff below. It is casually stated in the answer, and also admitted by the demurrer, that *David Bowman* is the trustee of *Benjamin Bowman*, and fully cognizant of all the facts alleged in the answer. So that waiving all objections which *Conklin* might, at the proper time, have perhaps made for the want of parties, *David Bowman* can stand in no better position than *Benjamin Bowman* would have done. Even had he been assignee, with a full knowledge of all the facts, he could not, under the state of the pleadings, have recovered.

The demurrer to the answer should have been overruled, and the plaintiff ruled to reply.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Rariden*, for the appellant.

*W. Grose*, for the appellee.